UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN ARMSTRONG,                :
                                 :   Civil Action No. 08-6131 (RMB)
        Plaintiff,               :
                                 :
    v.                           :   **MEMORANDUM OPINION**
                                 :
MICHAEL B. MUKASEY, et al.,      :
                                 :
        Defendants.              :

**APPEARANCES**:

Plaintiff pro se
Martin Armstrong
FCI Fort Dix Camp
P.O. Box 2000
Fort Dix, New Jersey 08640

**BUMB**, District Judge

    Plaintiff Martin Armstrong, a prisoner confined at the Federal Correctional Institution Camp at Fort Dix, New Jersey, seeks to bring this civil action asserting claims pursuant to the Administrative Procedure Act, 5 U.S.C. § 706.

    The filing fee for a civil action brought in federal court is $350.  Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which establishes that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from

such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed either to prepay the filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002) (detailing necessity of including certified account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same).

To the extent Plaintiff asserts that prison officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified account statement and the prison officials' refusal to comply, including

the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury or other irreparable harm. In reaching this conclusion, this Court takes notice of its own docket and other federal court dockets in related matters filed by Plaintiff, see, e.g., Martin v. Grondolsky, 08-0569 (RMB) (D.N.J.). In addition, the Court notes that the injunctive relief requested, immediate release from confinement, is more properly sought through a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, following exhaustion of administrative remedies, to the extent it involves the execution of a federal prisoner's sentence, or through direct appeal or a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255, in the court of conviction. As Plaintiff is an experienced pro se litigant,[1] this Court declines to

---

[1] This matter arises out of two related matters, Plaintiff's confinement as a civil contemnor, in a civil securities fraud action, see SEC v. Princeton Econ. Int'l, Ltd., Civil Action No. 99-9667 (S.D.N.Y.) and CFTC v. Princeton Global Mgmt., Ltd., Civil Action No. 99-9669 (S.D.N.Y.), and his criminal prosecution for securities fraud and related offenses, see United States v. Armstrong, Criminal Action No. 99-0997 (S.D.N.Y.), the histories of which are set forth in the opinion of the U.S. Court of Appeals for the Second Circuit in Armstrong v. Guccione, 470 F.3d 89 (2d Cir. 2006), cert. denied, 128 S.Ct. 486 (2007) and in this Court's prior opinions in Armstrong v. Grondolsky, 08-0569 (RMB) (D.N.J.).

construe this Complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

If Plaintiff wishes to proceed with litigation of his claims through this civil action, he must comply with the filing fee requirements.  This Court makes no determination as to the merits or viability of Plaintiff's claims.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[2]

An appropriate Order will be entered.

```
                                    s/Renée Marie Bumb
                                    Renée Marie Bumb
                                    United States District Judge
```

Dated: December 22, 2008

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).